UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL R. COOPER,**

**Plaintiff,**

**v.** **Case No. 25-C-2000**

**SGT. RONALD LEMON,**

**Defendant.**

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND PARTIALLY GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

---

Plaintiff Michael R. Cooper is currently incarcerated at Fox Lake Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a First Amendment retaliation claim against Defendant Sgt. Ronald Lemon. Plaintiff alleges that Sgt. Lemon retaliated against Plaintiff by issuing a fabricated conduct report and work evaluation and removing Plaintiff from his job as a personal care worker after Plaintiff filed an inmate complaint against him. Discovery closed on September 8, 2026, and Sgt. Lemon filed a motion for summary judgment on October 8, 2026. Plaintiff's response to the motion for summary judgment is currently due November 9, 2026. This matter comes before the Court on Plaintiff's motion to amend the complaint and motion for an extension of time.

In his motion to amend, Plaintiff seeks to add Michael VanBuren, the Housing Unit 2 Supervisor, as a defendant. He asserts that, in the event the Court denies his motion to amend, the Court should strike any statements, comments, or existence regarding VanBuren from the record and preclude him from testifying as a witness at trial.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a court should freely give leave to amend when "justice so requires." Fed. R. Civ. P. 15(a). Plaintiffs do not have an absolute right to file supplemental claims, however. Whether to grant or deny a motion to amend is within the discretion of the district court. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995). "[T]he district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Parmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Allowing Plaintiff to add VanBuren as a defendant would be unduly prejudicial to Sgt. Lemon. Discovery has closed, and Sgt. Lemon has filed a motion for summary judgment on the merits. The Seventh Circuit's "case law uniformly advis[es] that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995).

In addition, allowing Plaintiff leave to amend would be futile. Plaintiff seeks to add a claim against VanBuren for his "supervisor liability." Dkt. No. 21 at 3. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). As the Seventh Circuit has explained:

> The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be

> liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who were merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (internal quotation marks and citations omitted).

Plaintiff alleges in the proposed amended complaint that, two months before Plaintiff's termination, VanBuren told Sgt. Lemon that there was not a job description available for Plaintiff's position. Dkt. No. 21-2 at 4. He asserts that, after his removal from the personal care worker position, Plaintiff spoke with VanBuren. During the conversation, VanBuren agreed that Sgt. Lemon did not follow the policy in removing Plaintiff from the personal care worker position but remained silent in response to Plaintiff's allegations of retaliation. *Id.* at 6. Plaintiff asserts that because VanBuren knew there was no job description for the personal care worker position, VanBuren should have known Plaintiff could not be disciplined for failing to know the job expectations. But the proposed amended complaint contains no allegations from which the Court can infer that VanBuren was involved in the decision to remove Plaintiff from the personal care worker position. Because Plaintiff has not alleged that VanBuren was personally involved in any violation of his constitutional rights, he fails to state a claim against VanBuren. For these reasons, Plaintiff's motion to amend the complaint is denied.

Plaintiff asserts that, in the event the Court denies his motion to amend, the Court must strike any statements, comments, or existence regarding VanBuren from the record and prevent VanBuren from being a witness at trial. He has offered no basis why VanBuren's statements should be struck from the record or that he be precluded from testifying at trial. Therefore, Plaintiff's request is denied.

Plaintiff has also filed a motion for an extension of time. He requests that the Court extend the discovery and dispositive motion deadlines so that he can request discovery regarding his claims against VanBuren. Because the Court has denied Plaintiff's motion to amend, there is no need to extend the discovery and dispositive motion deadline. The Court will nevertheless extend Plaintiff's deadline to respond to Sgt. Lemon's motion for summary judgment to December 9, 2026.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (Dkt. No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Dkt. No. 22) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's request that the Court extend the discovery and dispositive motion deadlines is denied. Plaintiff's deadline to respond to Sgt. Lemon's motion for summary judgment is extended to **December 9, 2026**. If Plaintiff does not file his response materials or request additional time to do so by the deadline, the Court will assume all facts asserted by Sgt. Lemon to be true and will decide the motion without Plaintiff's input.

Dated at Green Bay, Wisconsin this 4th day of November, 2026.

William C. Griesbach
United States District Judge